UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS GESUALDI, LOUIS BISIGNANO, DARIN
JEFFERS, MICHAEL O'TOOLE, MICHAEL BOURGAL,
FRANK H. FINKEL, JOSEPH A. FERRARA, SR., MARC
HERBST, THOMAS CORBETT and ROBERT G.
WESSELS, as Trustees and fiduciaries of the Local 282
Welfare Trust Fund, the Local 282 Pension Trust Fund, the
Local 282 Annuity Trust Fund, the Local 282 Job Training
Trust Fund, and the Local 282 Vacation and Sick Leave Trust
Fund,

For Online Publication Only

21-cv-00819-JMA-JMW

Plaintiffs,

-against-


EMPIRE DUCT SYSTEMS LLC and EMPIRE HVAC
GROUP, LLC,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

1

## ORDER AND DEFAULT JUDGMENT

Upon the reading and filing of the motion for default judgment by the Plaintiffs, Thomas Gesualdi, Louis Bisignano, Darin Jeffers, Michael O'Toole, Michael Bourgal, Frank H. Finkel, Joseph A. Ferrara, Sr., Marc Herbst, Robert G. Wessels, and Thomas Corbett as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, duly served on the Empire Duct Systems LLC ("Defendant" or "Empire Duct Systems") and Empire HVAC Group, LLC and upon all prior pleadings and proceedings herein, pursuant to Fed. R. Civ. P. 55(b)(2), the Court grants Plaintiffs' motion for Default Judgment against Defendant Empire Duct Systems and denies the motion for Default Judgment against Empire HVAC Group LLC.  Plaintiffs have submitted a proposed Order and Default Judgment, which the Court has signed, with certain modifications set out below.

### A.  Service of Process and Default

The record reflects that proper service of the Summons and Complaint was made on the Defendants on February 19, 2021. ECF Nos. 7, 8. The record reflects that proper service of the Plaintiffs' motion for default judgment was made on the Defendants on November 12, 2021. According to the record, no answer, motion or other appearance was filed on behalf of Defendants per the Clerk's Entry of Default filed April 12, 2021.  (ECF No. 10). The Court finds the Defendants in default for failing to answer the Complaint or otherwise defend the action. The Clerk has properly entered notation of default pursuant to Fed. R. Civ. P. 55(a).

### B.  Liability

Defendant's default constitutes "an admission of all well-pleaded allegations against the defaulting party." *Vermont Teddy Bear Co. v. 1–800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir.2004). Nevertheless, the Court is "required to determine whether the [plaintiffs'] allegations establish [defendant]'s liability as a matter of law."   *Finkel v. Romanowicz*, 577 F.3d 79, 85 (2d Cir. 2009). Based upon examination of the complaint and motion papers, the Court finds that Plaintiffs have demonstrated that the uncontroverted allegations, without more, establish the Defendant Empire Duct Systems' liability on the following cause(s) of action:

> Employee benefit fund delinquencies to the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"); Section 301 of the LMRA, 29 U.S.C. §185(a).

The allegations in the complaint, however, are insufficient to establish Empire HVAC Group, LLC's liability.  (See Compl. ¶ 12.)  Accordingly, the Court denies Plaintiffs' motion for a default judgment against Empire HVAC LLC and dismisses the claims against Empire HVAC Group LLC without prejudice.  All the relief discussed below is awarded against Defendant Empire Duct

Systems.

Based upon a review of affidavits and other documentary evidence, *see Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (holding a court may rely upon affidavits and documents in calculating damages upon default), the Court finds that the Plaintiffs have established damages in the following amounts:

**C. Damages**                                                              **$3,491.49**

    a.  Interest on late-paid contributions for periods August 2013 through November 2017 in the amount of $2,778.04.

    b.  Underpaid contributions for the period July 2016 in the amount of $73.36.

    c.  Amounts due as determined by Audit #17-1015-Al in the amount of $498.14, consisting of unpaid contribution of $89.30, interest of $13.84 calculated through October 27, 2017, and an audit fee of $395.00.

    d.  Interest of 18% per annum on the $73.66 in unpaid contributions from July 2016, which amounts to $0.036 in per diem interest, for a total of $73.44 in interest.

    e.  Interest of 18% per annum on the $89.30 in unpaid contributions from October 2017, which amounts to $0.044 in per diem interest, for a total of $68.51 in interest.

    f.  **$3,491.49** in total damages.

**D. Attorneys' Fees**                                               *$5,120.00 __[1]*

| Provider Type | Presumptive Maximum Rate | Rate Sought | Hours Requested | Documented in | Fees |
|---|---|---|---|---|---|
| Paralegal | $110[2] | $110 | 1.5 | Smith Declaration | $165 |
| Of Counsel | $200-450[3] | $305 | 12.50 | Smith Declaration | $3,812.50 |
| Associate | $200-450[4] | $280 | 1.90 | Smith Declaration | $532.00 |
| Legal Secretary and Law Students | $110[5] | $110 | 5.55 | Smith Declaration | $610.50 |

Section 515 of ERISA, 29 U.S.C. §1145, is designed to "promote the prompt payment of contributions and assist plans in recovering the costs incurred in connection with delinquencies." *Iron Workers Dist. Council of W. New York and Vicinity Welfare Pension Funds v. Hudson Steel Fabricators and Erectors, Inc.*, 68 F.3d 1502, 1506 (2d Cir. 1995). Section 502 of ERISA sets forth the damages that are recoverable for an employer's failure to remit the contributions that are required under Section 515 of ERISA. Section 502 of ERISA provides that:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-

    (A) the unpaid contributions;

    (B) interest on the unpaid contributions;

    (C) an amount equal to the greater of –

        (i) interest on the unpaid contributions, or

---

[1] 1 *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (the lodestar creates the"presumptively reasonable fee").

[2] *Gesualdi v. Seacoast Petroleum Prods., Inc.*, 97 F. Supp. 3d 87, 105-06 (E.D.N.Y. 2015).

[3] *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 ADS AKT, 2013 WL 4761151, at *9(E.D.N.Y. Sept. 3, 2013).

[4] *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Co-op., Pension & Welfare Funds v. Flooring Experts, Inc.*, No. 12-CV-6317 ADS AKT, 2013 WL 4761151, at *9(E.D.N.Y. Sept. 3, 2013).

[5] *Gesualdi v. Seacoast Petroleum Prods., Inc.*, 97 F. Supp. 3d 87, 105-06 (E.D.N.Y. 2015).

(ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A);

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and

(E) such other and further relief as the court deems appropriate.

Section 515 entitles the plans to recover monies owed on unpaid audits, interest on the unpaid audits, unpaid contributions, interest on the unpaid contributions, liquidated damages, and reasonable attorney's fees and costs. 29 U.S.C. §1132(g) (2); *Benson v. Brower's Moving and Storage, Inc.*, 726 F. Supp. 31, 36 (E.D.N.Y. 1989), aff'd 907 F.2d 310 (2d Cir. 1990) (noting, "[t]here is no question that Section 502(g)'s remedies are mandatory."). The Trust Agreement similarly requires contributing employers, such as Defendant, to pay interest on unpaid contributions, liquidated damages, audit fees, and attorney's fees and costs on unpaid contributions. Section 502(g) (2) (D) of ERISA, 29 U.S.C. §1132(g) (2) (D), requires an award of attorney's fees and costs upon a determination that an employee benefit plan is entitled to judgment for unpaid contributions. *See, e.g., Mason Tenders Dist. Council v. Envirowaste and Transcontractors, Inc.*, 98 Civ. 4040 (DC), 1999 WL 370667, at *2 (S.D.N.Y. June 7, 1999) ("[a]lthough the amount of any such award rests within the Court's discretion, the award itself is mandatory" in an action to collect delinquent contributions under ERISA Section 515). To calculate attorney's fees, courts in the Second Circuit determine the reasonable hourly rate, defined as "the rate a paying client would be willing to pay," and multiply that rate by the number of hours reasonably expended in prosecuting an action. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 493 F .3d 110, 117-18 (2d Cir. 2007). To be awarded attorney's fees and costs, Plaintiffs must present contemporaneous time records that indicate "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. Ass 'n for Retarded Children v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The fees charged in this matter are in line with other firms performing similar work within the Eastern and Southern Districts of New York, and are therefore reasonable. *See, e.g., Gesualdi v. Ava Shypula Testing & Inspection, Inc., 13 CV 1873 DRH GRB, 2014 WL 1399417 (E.D.N.Y. Apr. 10, 2014)*(approving rate of $375 per hour for senior associate and recognizing that decisions upon which Courts have based reasonable rates are generally six to eight years old)*; King v. Unique Rigging Corp.*, 01 Civ. 03797 (DLI)(VVP), 2006 WL 3335011 (E.D.N.Y. Oct. 27, 2006) (docket no. 69) Amended Report and Recommendation (citing as reasonable $320/hr mid-level associate and $370/hr partner rates in an ERISA delinquent contribution case), adopted on Oct. 27, 2006; *NYC Dist. Council of Carpenters Pension Fund v. Quantum Construction*, 06 Civ., 13150 (GEL)(JCF), 2008 WL 5159777, at *13 (S.D.N.Y. Dec. 9, 2008) (awarding $425 per hour for partner time and $300 per hour for associate time in an ERISA delinquent contribution case wherein default judgment was entered); *NYC Dist. Council of Carpenters Pension Fund v. Perimeter Interiors, Inc.*, 657 F.Supp.2d 410, 423 (S.D.N.Y. 2009) (awarding $425 per hour for partner time and $300 per hour for associate time an ERISA delinquent contribution case); *La Barbera v. Cyn-Ken Driver Serv. Co., Inc.,* CV06-4445(CPS), 2007 WL 2908072 (E.D.N.Y. Oct. 5, 2007); *Ferrara v. PI Trucking Corp.*, CV 11-0661 ADS GRB, 2011 WL 7091562 (E.D.N.Y. Dec. 20, 2011) *report and recommendation adopted,* 11-CV-0661 ADS GRB, 2012 WL 214341 (E.D.N.Y. Jan. 24, 2012). ("Recent ERISA default cases have found rates ranging generally from

5

$200 to $300 to be reasonable for attorneys, depending upon years of experience and whether the attorney is a partner, a senior associate or a junior associate, and $80 to $90 for paralegals"); *Finkel v. Alltek Sec. Sys. Group, Inc.,* 2011 WL 4543498, at *10 (E.D.N.Y. Aug.26, 2011) (approving rates of $225–250 for associate, $80–90 for paralegal).

The Court reviewed the contemporaneous time records attached to the Smith 11/11/21eclaration, Ex. D. The Court finds those contemporaneous time records contain a reasonablehourly rate and represent the number of hours reasonably expended in this lawsuit and awardsthe Plaintiffs $5,120 in attorneys' fees.

### E.      *Injunctive Relief*

29 U.S.C. § 1132 authorizes the Court to grant injunctive relief to "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan." The Court finds that, pursuant to the Plaintiffs' employee benefit fund plan documents and the collective bargaining agreement between Defendant Empire Duct Systems and Building Material Teamsters Local 282, Defendant had an obligation to contribute to the Plaintiffs' funds on behalf of their employees who perform work covered by the collective bargaining agreement, at specified rates for each hour of covered work. Bulding 10/11/21 Declaration.  The Court finds injunctive relief is proper and appropriate requiring Defendant to submit to any audit of their payroll books and records for the period commencing December 2017 to the present. *Central States, Southeast and Southwest Areas Pension Fund v. Central Transp., Inc.*, 472 U.S. 559, 571-72 (1985) ("ERISA clearly assumes that trustees will act to ensure that a plan receives all funds to which it is entitled, so that those funds can be used on behalf of participants and beneficiaries, and that trustees will take steps to identify all participants and beneficiaries, so that the trustees can make them aware of their status rights. under the trust's terms."); *New York Teamsters Conf. Pension and Retirement Fund v. Boening Bros. Inc.,* 92 F.3d 127, 130-32 (2d Cir. 1996) (audits of signatory Company fall "well within the scope of a trustee's common law fiduciary duties and powers."); *See also Jaspan v. Glover Bottled Gas Corp.,* 80 F.3d 38, 41 (2d Cir. 1996) ("Fund trustees have a fundamental duty to locate and take control of fund property – a duty for which the right to audit is crucial") (Citations omitted).

The Court further finds the Defendant failed to pay contributions and submit remittance reports to the Plaintiffs' Funds from December 2017 through the present and failed to provide the Funds' auditors payroll and tax records and other documentation requested in an August 22, 2018, September 11, 2018 and October 1, 2018 letters from the Funds' auditors to Empire Duct Systems LLC. Bulding 10/11/21 Declaration. The Court therefore issues injunctive relief enjoining the Defendant Empire Duct Systems by ordering the Defendant to immediately submit to the Plaintiffs' Funds offices all remittance reports since December 2017 and tax records and other documentation requested in August 22, 2018, September 11, 2018 and October 1, 2018 letters from the Funds' auditors to Empire Duct Systems LLC, submit to the Funds' auditors all records requested in the letters attached at Exhibit C to the Bulding 10/11/21 Declaration, cooperate with the Funds' auditors regarding the audit of the Defendant.  The Plaintiffs are granted leave to move to amend this judgment if additional delinquencies are determined to exist after receiving the remittance reports and tax records and conducting additional audits based on those reports and records.

*F.*     *Costs*                                                          *$_843.51__*
   1. Filing Fee: $402
   2. Process Server Fee: $404.75
   3. Other: $36.76 (mailing fees)

The Plaintiffs are also entitled to damages in the amount of costs that have necessarily been incurred in the prosecution of this action. *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (expenses such as "duplicating, postage, telephone, computerized legal research and other office expenses" are ordinarily recoverable and not absorbed into an attorney fee as overhead); *LaBarbera v. Cent. Design Sys. Inc.*, 06 Civ. 2709 (ARR) (RML), 2006 WL 3422645, at *4 (E.D.N.Y. Nov. 28, 1996) (citations and internal quotations omitted) ("a prevailing party may be reimbursed for expenditures which add to the proceeding and are not part of the attorney's ordinary overhead."). *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir. 1973) ("costs" generally include such expenses as filing fees). The Court awards Plaintiffs costs of $843.51 set forth at the Smith Declaration, Ex. D and finds they were reasonably incurred in the prosecution of this action.

**TOTAL JUDGMENT**                                          **$9,455**

**SO ORDERED. Judgment Entered.** Plaintiffs to have immediate execution thereon.


   /S/ (JMA)                                              1/31/20211

_____        _____
Joan M. Azrack, United States District Judge                    Date

Central Islip, New York